UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **UNITED STATES for use and benefit of** | ) | |
| Thorleif Larsen & Son, Inc., and | ) | |
| **THORLEIF LARSEN & SON, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CAUSE NO.  2:01-CV-00597 |
| | ) | |
| **UNITED STATES FIDELITY AND** | ) | |
| **GUARANTY COMPANY and HUNT** | ) | |
| **CONSTRUCTION GROUP, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court are two motions: (1) Plaintiff's Motion for an Order Striking the Affidavit of Jose Pienknagura and Denying Defendants' Motion for Summary Judgment or Alternatively for an Enlargement of Time within which to Respond to Defendants' Motion for Summary Judgment ("Motion to Strike"), filed by Plaintiff Thorleif Larsen & Son, Inc. ("Thorleif Larsen"), on June 1, 2005 (Docket # 65); and (2) a Motion for Protective Order filed by Defendant Hunt Construction Group, Inc. ("Hunt"), on June 13, 2005 (Docket # 67), seeking to quash a notice of deposition issued to Jose Pienknagura, Hunt's General Counsel.  For the reasons provided herein, Thorleif Larsen's motion to strike Pienknagura's affidavit and deny Defendants' motion for summary judgment will be denied, its alternative motion for an enlargement of time will be granted in part to allow the motion for summary judgment to be addressed on the merits, and Hunt's motion for protective order will be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Thorleif Larsen filed its complaint against the Defendants on November 2, 2001, alleging that Defendants breached the terms of their contract with Thorleif Larsen pertaining to the construction of a United States Courthouse located in Hammond, Indiana. (Docket # 1.) On September 27, 2002, Defendants filed a motion for summary judgment, relying solely on the affidavit of Pienknagura. (Docket # 30.) Thorleif Larsen requested, and was granted, two extensions of time to respond to the summary judgment motion, in light of the parties' ongoing efforts to resolve the dispute. (Docket # 30, 43.) When it became apparent that settlement was not likely to occur, the Court held a scheduling conference on January 7, 2005, and, while leaving discovery open, established a deadline of June 1, 2005, for Thorleif Larsen to respond to the summary judgment motion.[1] (Docket # 62.)

Thereafter, Thorleif Larsen commenced some discovery in February 2005, but soon became involved in other litigation that occupied a significant amount of its time through the end of April. (Mot. to Strike at 4 n.2; Reply to Mot. to Strike at 3.) It then renewed its discovery efforts in this action in May, discussing with Hunt on May 10 certain document requests and the scheduling of the deposition of Lynn Wall. (*Id*. at 6.) On May 19, after Hunt failed to agree to its request for an extension of its June 1 deadline, Thorleif Larsen sent a notice to depose Pienknagura, scheduling it for May 27, along with three other notices of deposition for other Hunt personnel scheduled in similar time frames.[2] (*Id*. at 7.)

---

[1] This was the third extension of the original deadline for Thorleif Larsen's response to the summary judgment motion.

[2] Thorleif Larsen asserts that the deposition of Pienknagura was discussed prior to Hunt's receiving the notice of deposition on May 19 (Decl. of David A. Belofsky ¶ 8); Hunt, however, disagrees (Mot. for Protective Order ¶ 9). Regardless, Thorleif Larsen has not asserted that it discussed the actual *scheduling* of the Pienknagura

Hunt objects to the deposition of Pienknagura and, to this date, no depositions have occurred. (*See* Mot. for Protective Order ¶ 16.)  As a result, Thorleif Larsen, rather than filing its response to the summary judgment motion, filed the Motion to Strike, requesting that the Court strike Pienknagura's affidavit and deny Defendants' motion for summary judgment or, in the alternative, enlarge its time frame to respond to the summary judgment motion.  Hunt, in turn, filed its Motion for Protective Order to quash Thorleif Larsen's notice of deposition of Pienknagura, and requests that the Court deny Thorleif Larsen's motion for enlargement of time.

**DISCUSSION**

First, Thorleif Larsen argues that unless it is given the opportunity to depose Pienknagura, the Court must strike Pienknagura's affidavit.  In Thorleif Larsen's view, once Hunt put Pienknagura's knowledge directly at issue by filing his affidavit, it opened the door for Thorleif Larsen to conduct discovery on the subject matter of his affidavit. (Mot. to Strike at 2.) However, Hunt contends that Pienknagura's deposition is unnecessary, as the desired information may be obtained through other sources and the request is simply a harassment technique and a smoke screen to obtain an extension of time that Hunt would not otherwise agree to. *See Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986) (holding that the taking of opposing counsel's deposition "should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.") (internal citations omitted).

In this Court's view, the appropriate resolution to this quagmire is much more obvious

---

deposition with Hunt prior to sending the May 19 notice.

than what either party's briefs indicate.  Thorleif Larsen had a deadline of June 1, 2005, to file its response to Defendants' motion for summary judgment.  It waited until May 19, 2005, just *thirteen days* prior to its response deadline to send a notice of deposition to Pienknagura, a witness that it claims is crucial to its case and whose affidavit has been on file for over two years as the sole evidentiary support of the Defendants' motion for summary judgment.  Most critically, however, Thorleif Larsen set a deposition date of May 27 in its May 19 notice.  Under Local Rule 30.1, "[u]nless agreed by counsel or otherwise ordered by the court, no deposition shall be scheduled on less than fourteen (14) days notice."  Here, Thorleif Larsen provided only eight days notice and, thus, created its own procedural bar to the deposition; thus, the Court need not address whether Thorleif Larsen is substantively entitled to depose Pienknagura.  Moreover, since Thorleif Larsen's inability to depose Pienknagura was of its own making, no reason exists to strike Pienknagura's affidavit.  Accordingly, Thorleif Larsen's motion to strike Pienknagura's affidavit and deny Defendants' motion for summary judgment will be denied, and Hunt's motion for protective order as to the May 19 notice of deposition of Pienknagura will be granted.[3]

     Perhaps anticipating its lack of success in striking Pienknagura's affidavit, Thorleif Larsen alternatively requests that it receive an extension until August 31 to respond to Defendants' motion for summary judgment.  It cites heavy attorney workload on other litigation matters, more depositions, and an unanticipated magnitude of documents to review as reasons for the requested extension.  Under Federal Rule of Civil Procedure 16(b), however, a "schedule shall not be modified except upon a showing of good cause."  To demonstrate good cause, a party must show

---

[3]As discussed *infra*, Thorleif Larsen has not established good cause justifying a delay until May 19, 2005, to issue a notice to depose Pienknagura.  Indeed, since the interval between the May 19, 2005, notice of deposition and the June 1, 2005, deadline to file a response was only thirteen days, Thorleif Larsen could not have deposed Pienknagura at any time between May 19, 2005, and June 1, 2005, absent the agreement of counsel.  *See* L.R. 30.1.

that despite its diligence, the time table could not reasonably have been met. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). A counsel's busy trial schedule has been determined to fall short of establishing good cause. *See Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1030-31 (7th Cir. 1998) (denying a request for extension of time premised upon counsel's busy trial schedule, stating that "a good judge sets deadlines, and the judge has a right to assume that deadlines will be honored"); *Reales v. Consolidated Rail Corp.*, 84 F.3d 993 (7th Cir. 1997); *United States v. Dumas*, 94 F.3d 286, 289 (7th Cir. 1996); *see also Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997) ("the rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action"); *Smith v. Howe Military School*, 1997 WL 662506, at *2 (N.D. Ind. Oct. 20, 1997) (emphasizing that the good cause requirement of Rule 16(b) focuses on the diligence of the party seeking the modification); *see generally Medline Indus., Inc. v. Medline RX Fin., LLC*, 218 F.R.D. 170, 172 (N.D. Ill. 2003) (holding that neither "ongoing settlement discussions" nor "[a] party's belief that a case will settle" justify relief from a filing deadline).

Here, because of its busy trial schedule, Thorleif Larsen chose to wait until just *twenty-two days* prior to its June 1 deadline to commence much of its discovery, knowing it had already received three prior extensions to its response deadline; this can hardly be interpreted as a display of diligence on Thorleif Larsen's part. Moreover, by filing its Motion to Strike on June 1, Thorleif Larsen in essence has already "helped itself" to nearly a thirty-day extension.[4] Therefore, Thorleif Larsen's request for an extension of time until August 31, 2005, to respond to the motion for summary judgment will be denied. To assist the Court in addressing the motion

---

[4] Filing a motion in lieu of a brief as a means to defer a deadline is inappropriate, as the Seventh Circuit recently commented. *See Ramos v. Ashcroft*, 371 F.3d 948, 949-50 (7th Cir. 2004).

5

for summary judgment on the merits, however, the Court will grant Thorleif Larsen until July 5, 2005, to file a response.[5]

## CONCLUSION

For the reasons stated herein, Plaintiff Thorleif Larsen's Motion for an Order Striking the Affidavit of Jose Pienknagura and Denying Defendants' Motion for Summary Judgment (Docket # 65) is hereby DENIED, and its alternative motion for an Enlargement of Time within which to Respond to Defendants' Motion for Summary Judgment (Docket # 65) is hereby GRANTED in part, and Defendant Hunt's Motion for Protective Order is hereby GRANTED, as it pertains to quashing the notice of deposition issued to Pienknagura on May 19, 2005 (Docket # 67).  In order to address this action on the merits, rather than solely on procedural matters, Plaintiff Thorleif Larsen shall have through July 5, 2005, to respond to Defendants' motion for summary judgment, relying on such discovery materials that it currently has in its possession.  SO ORDERED.

Enter for June 24, 2005.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[5] Counsel for Hunt suggested at oral argument that Thorleif Larsen be given approximately one week to file a response, so Hunt apparently has no objection to this resolution of the matter.